No. 19,420

JAMES GILBERT HARVEY, ET AL. *v.* JOSEPH H. MORRIS, ET AL.

(367 P. [2d] 352)

Decided November 27, 1961.   January 8, 1962, opinion modified
and rehearing denied.

Mr. R. GEORGE SILVOLA, for plaintiffs in error.

Mr. ROGER M. BREYFOGLE, Mr. JAMES V. PHELPS, Messrs. SEAVY and SEAVY, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE HALL delivered the opinion of the Court.

THE parties appear here in the same order as in the trial court. We refer to plaintiffs in error as Harveys and to the defendants in error as defendants, or by their individual names.

490

The following facts which preceded the filing of this action appear in the record and are not controverted.

1. Prior to January 19, 1955, one T. W. Giem was the owner of 3485.09 acres of land located in Fremont County. On that date he granted to the defendant, Joseph H. Morris, Jr., an option good until April 1, 1955, to purchase said lands for the sum of $50,000.00.

2. On March 31, 1955, Morris and the defendant John William Mitchell (who had an unrecorded one-half interest in the option), in consideration of $100.00 to them then paid by Harveys, entered into an agreement with the latter, whereby they undertook to assign to Harveys all of the rights which Morris had acquired from Giem. Harveys were to pay Giem his $50,000.00, were to pay Morris and Mitchell $15,000.00 and an additional $10,000.00 "ore payment" and in addition were:

"* * * to grant to first parties [Morris and Mitchell] a fully participating and perpetual [10%] royalty upon all minerals * * * mined or removed from said premises * * *."

3. On April 21, 1955, Giem conveyed the optioned property to Morris. (The delay beyond April 1, 1955, in conveying was due to title difficulties for which provision was made in the option.)

4. On May 16, 1955, the Harveys entered into a written agreement with the defendant Hurd, Trustee, whereby they assigned to him all of their option rights. Hurd was to satisfy all of the obligations of Harveys to Morris and Mitchell and all of Morris' obligations to Giem. In addition, the Harveys conveyed to Hurd all of the minerals in 160 acres of land adjacent to the optioned land which they then owned.

In return for the foregoing, it was agreed that Hurd would (a) out of the second $100,000.00 "of net mill returns on all ore saved or marketed" pay Harveys 2½% of such returns; (b) if the second $100,000.00 was realized within 2½ years of the date of the agreement then title to the surface and water rights would be conveyed to

Harveys without charge; (c) if the second $100,000.00 was not realized in two years then Harveys were to have a six-months option to purchase the surface and water rights for $50,000.00 and, in the event of such purchase, to receive from Hurd any monies that he had received for damages to the surface; (d) the right to use the surface for grazing purposes for $2\frac{1}{2}$ years, subject to the right of Hurd to use so much of the surface as might be necessary in mining operations; (e) pay over to Harveys $12\frac{1}{2}\%$ of the net mill returns from all ores produced from the 160 acres conveyed.

5. On May 16, 1955, Hurd paid Morris $15,000.00 and received from him a deed to the subject property. Morris reserved a *nonparticipating* royalty of 10% of the proceeds from the sale of ores from the property. (Nothing was said in the deed about the $10,000.00 ore payment that Harveys had agreed to pay Morris.)

6. Harveys never acquired any deed to the property — they did have possession of the surface.

7. The defendants other than Morris, Mitchell and Hurd, are alleged to have acquired from Hurd some interest in the property from Hurd.

On April 3, 1958, the Harveys, through counsel (not present counsel), filed this action against Hurd seeking to recover from him $75,000.00 because of his alleged failure to use due diligence in the development and extraction of ores from the premises.

Thereafter, and on February 28, 1959, Harveys, through their present counsel, leave of court having been previously granted, filed their amended complaint naming the original defendant Hurd and the others as shown in the caption. The complaint contains what are designated as First, Second and Third "causes of action."

From the complaint it would seem that on their first cause of action Harveys would like to have the deed from Morris to Hurd canceled and to have Morris execute a deed conveying the lands to Harveys or, in lieu thereof, judgment for $75,000.00 actual and $75,000.00

exemplary damages from some one or more of the defendants.

On their second cause of action they pray for the relief demanded in their first and ask that the 160 acres which they conveyed to Hurd be returned.

On their third cause of action they demand everything demanded in the first and second causes and, if they do not get both the Giem 3485.09 acres and their 160, they want judgment against all defendants for $75,000.00 actual and $75,000.00 exemplary damages. They offer to do equity.

On March 23, 1959, Mitchell filed a motion to dismiss plaintiffs' first cause of action. That motion has not been ruled upon.

On May 18, 1959, Harveys filed a motion for default judgment against Morris. This motion has not been ruled upon.

On October 6, 1959, all defendants except Morris and Mitchell filed their motion to dismiss the complaint. This motion has not been ruled upon.

On November 17, 1959, all defendants filed their motion, supported by four affidavits, for a summary judgment for the reason that:

"* * * the pleadings, depositions, admissions on file, testimony heretofore taken in the above entitled matter, and affidavits attached hereto show that there is no genuine issue as to any material fact * * *."

On November 23, 1959, Harveys filed their motion to strike portions of three of the affidavits filed in support of the motion for summary judgment. This motion has never been ruled upon.

On November 23, 1959, Harveys filed their motion to disqualify the trial judge because of alleged prejudice — the real reason assigned was the fact that the judge did not see eye to eye with Harveys' counsel and gave evidence thereof in making rulings adverse to the Harveys' contentions.

On December 14, 1959, John William Mitchell filed his answer. No other defendant has answered.

On January 18, 1960, the plaintiff James Gilbert Harvey filed his affidavit putting in issue certain of the matters contained in three of the affidavits filed in support of the motion for summary judgment.

On January 18, 1960, the trial court entered its nine-page order sustaining the motion for summary judgment in favor of all defendants except Morris, and dispensed with the filing of a motion for a new trial, and on the same day entered formal judgment of dismissal (except for Morris) with costs to be taxed.

Harveys are here by writ of error seeking reversal and request:

"* * * that this Honorable Court, insofar as possible, define the law of the case to facilitate the handling of this case by the Trial Court upon remand for trial."

We can appreciate counsel's making a request for legal advice — need therefor is crystal clear, apodictic as it were.

Harveys' counsel has filed in this court a fifty-page brief in which we are referred to forty-five cases of courts of last resort, five volumes of American Jurisprudence, six rules of civil procedure, three statutes, one work on Federal Practice and Procedure, the canons of professional ethics, and Drinker on Legal Ethics. A not too careful perusal thereof discloses only a very distant, if any, relationship to the problems involved. Mercifully, no reply brief was filed.

The entry of summary judgment on the matters appearing in the record as supplemented by both parties and certified by the reporter and judge was unwarranted.

The complaint is not in complete compliance with the rule prescribing a "short and plain statement." However, it does charge (1) fraud by Hurd in the alteration of one of the documents above mentioned; (2) that a material document on which defendants rely is a forgery; (3) that Morris and Mitchell, contrary to their contract, conveyed

to Hurd instead of Harveys; (4) that Harveys have not received from defendants the consideration which their contract calls for; (5) that there has been a failure of consideration for the 160 acres of minerals conveyed to Hurd. As pointed out above, no defendant except Mitchell has answered.

Affidavits filed in support of the motion for summary judgment only serve as partial denial of plaintiffs' complaint. The counter affidavit of James Gilbert Harvey contradicts much of defendants' affidavits.

Filed in the case are the deposition of Hurd, taken by plaintiffs on cross-examination; the deposition of defendant Petersen, taken by plaintiffs prior to the time he was made a party; the deposition of defendant Morris, taken by plaintiffs prior to the time he was made a party, and the deposition of one Florence Russell, secretary to defendant Petersen, taken by plaintiffs.

The trial court, in making its "ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT," stated:

"* * * in the consideration of the Motion for Summary Judgment, the Court has considered the positions taken by the respective parties in prior proceedings — a transcript of all such proceedings has been made available to the Court — the depositions on file, all of which were taken by plaintiffs, the affidavits filed in connection with the Motion for Summary Judgment, the arguments of Counsel and the authorities cited by counsel for the respective parties." And found:

"* * * there is no genuine material issue as to any fact * * *."

We find nothing in this record of any positions taken by the Harveys that would in any way sanction the entry of a summary judgment. Their claims have never been denied by any defendant except Mitchell. They are entitled to have their alleged rights herein adjudicated in this proceeding rather than in some other proceeding.

It was error to enter the summary judgment of dismissal.

We call attention of the court and counsel to Rule 54(b), which prevents or imposes conditions on the entry of final judgment on less than all of the pending claims.

The judgment is reversed and the cause remanded for further proceedings compatible with the views herein expressed.

MR. JUSTICE PRINGLE not participating.